UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Padam GHARTI MAGAR, | Case No.: 26-cv-0735-AGS-VET |
| Petitioner, | **ORDER REQUIRING RETURN** |
| v. | |
| Christopher LaROSE, | |
| Respondents. | |

Unrepresented petitioner Padam Gharti Magar seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On "January 5, 2025," petitioner, a native of "Nepal," was apprehended when he came to the United States to seek sanctuary. (ECF 1, at 9.) He has been detained since. (*Id*.) He received a "positive" "credible fear" finding, but his immigration proceedings are still pending. (*Id*.) He asserts that his detention is "prolonged" and "unlawful[]" "with[]out adequate justification." (*Id*. at 6.) So, he seeks "release" or a "bond hearing." (*Id.* at 2.)

Some courts have concluded that prolonged detention for arriving aliens under 8 U.S.C. § 1225(b) can violate due process, so this claim is not frivolous or incredible. *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged

26-cv-0735-AGS-VET

detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must respond. By **February 24, 2026**, respondents must answer the petition. Petitioner may reply by **February 27, 2026**. The Court will hold oral argument on **March 3, 2026**, at **1:00 p.m.** If Gharti Magar is not represented by counsel by that time, respondent's counsel must coordinate his remote appearance, preferably by videoconference.

Dated:  February 18, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

26-cv-0735-AGS-VET